[No. B014584. Second Dist., Div. Four. July 16, 1986.]

DAVID NIVISON et al., Plaintiffs and Appellants, v.
ROBERT L. BURNEY, Defendant and Respondent.

434

**COUNSEL**

Steven M. Harowitz, Russell S. Balisok, Houck, Balisok & Harowitz and John M. Urban for Plaintiffs and Appellants.

Irell & Manella, James N. Adler, Steven A. Marenberg, Reed, Elliot, Creech, Roth & McMahon and Charles P. Reed for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—This case requires us to interpret and apply a federal statute commonly known as ERISA. G. D. Searle and Company had

for some years maintained an employee plan providing, in a case of termination of employment initiated by the employer, a provision providing that the employees so terminated were entitled to termination pay of one month's salary for every year of employment. The Searle company now desires to sell its so-called "Will-Ross Division" to a company of which respondent Burney is the president. In connection with such negotiation, Searle intends to modify its employee relation plan so as to eliminate the termination pay provision and substitute a provision providing the terminated employees only a six-months employment with any company to which the Will-Ross Division is sold. The present action seeks damages from respondent Burney on an allegation he has "conspired" with Searle to so modify the termination provision. The present appeal requires us to determine whether or not Searle's purported revision of its employee plan is illegal and secondly whether an action against respondent Burney for his part in such amendment can be prosecuted in a state court.

## I

We conclude that Searle's attempted amendment of its employment plan is illegal under ERISA. The cases cited to us holding an amendment such as herein involved is legal because affecting only rights not yet vested do not support respondent's position herein. Like *Sutton* v. *Weirton Steel Div. of Nat. Steel Corp.* (4th Cir. 1983) 724 F.2d 406, cert. den. 467 U.S. 1205 [81 L.Ed.2d 345, 104 S.Ct. 2387], these cases involved an amendment of a company plan specifically authorized and approved in a collective bargaining agreement. But no such collective bargaining agreement is herein involved. An employer is required by ERISA to act in a fiduciary capacity towards its employees with reference to a plan such as herein involved. There is all the difference between an amendment of a plan arrived at after arms-length negotiations between an employer and its employees, where the representative of the employees is (like the employer) under a fiduciary duty to the employee group as a whole and the present situation, in which the change is made solely by and for the benefit of the employer without regard to its fiduciary obligation to its employees.

## II

ERISA specifically provides that, by a provision reading as follows, it preempts state court action: "[A]ny and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." The United States Supreme Court has said that that provision is "as broad as its language." We cannot conceive of anything more definitely "relating to" the employer-employee plan herein involved than conduct, even by a nonfiduciary under ERISA, that could "relate" to the applicability and enforce-

ment of the employer's duty under such plan than conduct by a non-employer inducing an employer to breach its fiduciary obligation under ERISA. Consequently, we agree with the action of the trial court in dismissing the present state court action against the purchaser Burney and affirm the trial court's dismissal of the action against Burney.

McClosky, J., and Recana, J.,* concurred.

A petition for a rehearing was denied August 6, 1986.

---

*Assigned by the Chairperson of the Judicial Council.